IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY HALAKA, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:12-CV-1506 |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Chief Magistrate Judge Lisa Pupo |
| DR. MIN PARK, *et al*, | ) | Lenihan |
| Defendants. | ) | ECF No. 15 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the following reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendant Bilohlavek (ECF No. 15) be denied.

## II. REPORT

This is a prisoner civil rights complaint brought pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. Plaintiff is currently an inmate at S.C.I. Albion. Plaintiff filed his complaint on October 18, 2012. (ECF No. 1). He claims that the Defendants were deliberately indifferent to his serious medical need, in violation of his Eighth Amendment rights. Presently before the Court is the Motion to Dismiss of Defendant Byron Bilohlavek, a registered nurse at SCI-Fayette. Defendant filed his Motion and Brief in Support on February 28, 2013. (ECF Nos. 15 & 16). Plaintiff responded on May 6, 2013 (ECF Nos. 24 & 25).

### A. Facts

Plaintiff alleges that while he was an inmate at S.C.I. Fayette, he complained to Defendants about breathing problems and pain several times between 2009 and 2010. ECF No. 4 at 2. He stated that he requested to be seen at an outside hospital, but his complaints were

allegedly ignored and his requests denied. Id. Additionally, Plaintiff alleges that in September 2010, the Defendants cleared him for release, stating that he had no medical issues concerning his lungs. Id. On October 27, 2010 Plaintiff's treating physician ordered a CT scan, performed a biopsy and diagnosed Plaintiff with cancer. Id at 3. According to Plaintiff, his physician opined that Defendants must have seen the mass in Plaintiff's lungs from X-rays taken while Plaintiff was confined at S.C.I. Fayette. Id. Plaintiff later had a portion of his lung removed. Id.

### B. Standard

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

### C. Discussion

Viewed in light of the forgoing liberal pleading standards, the undersigned finds that the allegations of the complaint, when taken as true, allow the Court to draw a reasonable inference that Defendant was deliberately indifferent to Plaintiff's medical needs, and that the complaint meets the standards as enunciated in Twombly and Iqbal.  See also, Fowler, 578 F.3d at 210 *quoting* Iqbal, 556 U.S. at 663 ("To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.") (internal quotation mark omitted).

Additionally, the undersigned is not persuaded that the Pennsylvania Professional Nursing Law dictates that "Defendant Bilohlavek could only be deliberately indifferent where he failed to refer a known matter that was beyond his ability or failed to provide care directed by a physician."  ECF No. 16 at 6.  The Third Circuit has found deliberate indifference where a prison official: (1) "knows of a prisoner's need for medical treatment but intentionally refuses to provide it;" (2) "delays necessary medical treatment for non-medical reasons;" (3) "prevents a prisoner from receiving needed or recommended treatment"; or (4) "persists in a particular course of treatment in the face of reluctant pain and risk of permanent injury."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (internal citations and quotations omitted).  This matter is only at the pleading stage and Plaintiff may be able to prove facts that show that Defendant Bilohlavek was deliberately indifferent to his needs. Defendant may address this issue in summary judgment.

### III.     CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 15) be denied.  In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed

fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 13, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: Gary Halaka
 Inmate # HC-6218
 10745 Route 18 S.C.I. Albion
 Albion, PA 16475

 All Counsel of Record
 *Via Electronic Mail*