# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY HALAKA, | ) | |
| | ) | Civil Action No. 2:12-cv-1506 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| DR. MIN PARK, *et al*, | ) | |
| | ) | ECF Nos. 39, 48 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary Halaka ("Plaintiff") filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] He alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights while he was incarcerated at SCI-Fayette in that they intentionally failed to diagnose him with lung cancer in order to avoid having to treat his condition. Presently before the Court is a Motion for Judgment on the Pleadings filed by Byron Bilohlavek ("RN Bilohlavek") and a Motion to Dismiss filed by Medical Defendants Phillip Balk, M.D. ("Dr. Balk"), Min Park, M.D. ("Dr. Park") and Darla Cowden, M.P.A. ("Cowden"), (collectively the "Medical Defendants"). For the reasons stated herein, the Medical Defendants' Motion will be denied as to Plaintiff's failure to state a claim but denied without prejudice as to Plaintiff's alleged failure to exhaust his administrative remedies and demonstrate personal involvement of each Defendant. These issues may be raised again on summary judgment. RN Bilohlavek's Motion for Judgment on the Pleadings will be denied but without prejudice to raising the exhaustion defense on summary judgment.

---

[1] Plaintiff is represented by pro bono counsel.

### A. Allegations

In his Complaint (ECF No. 4), Plaintiff alleges that while he was an inmate at SCI-Fayette, he complained to Defendants about pain and breathing problems on several occasions between 2009 and 2010. He asked to be seen at an outside hospital but his complaints were allegedly ignored and his requests denied. In September 2010, Defendants cleared him for release stating that he had no medical issues with his lungs but Plaintiff claims that this was inaccurate and an intentional misrepresentation. After he was released from incarceration, Plaintiff was seen by a doctor who ordered a CT scan and biopsy. On October 27, 2010, he was diagnosed with cancer. According to Plaintiff, his physician opined that Defendants must have seen the mass in Plaintiff's lungs from x-rays taken while he was in custody. Plaintiff later had a portion of his lung removed.

### B. Failure to Exhaust Administrative Remedies

Defendants claim that Plaintiff admits to having failed to exhaust his administrative remedies as he was required to do before filing suit pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See* Booth v. Churner, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that

involve general circumstances as well as particular episodes. *See* Porter v. Nussle, 524 U.S. 516, 532 (2002).

The exhaustion requirement is an affirmative defense to be pleaded by the defendant. A prisoner/plaintiff need not plead and prove compliance with the exhaustion requirement in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). However, in this case, Defendants claim that dismissal is warranted because it is clear from the face of Plaintiff's Complaint that he did not exhaust his administrative remedies. Specifically, in his Complaint, Plaintiff admits that there is a grievance procedure in place at SCI-Fayette and that he did not present the facts relating to his Complaint through the grievance procedure. Thus, Defendants contend that the need for further discovery or explanation is unnecessary and their respective motions should be granted. However, also in his Complaint Plaintiff states that he was unable to grieve the facts because he was not "made aware of the issue [until] after being released from prison." Specifically, he alleges that he was not diagnosed with cancer until October 27, 2010, at which point he was not a prisoner.

First, and most importantly, a plaintiff is subject to the PLRA's exhaustion requirement if he is a "prisoner" at the time his complaint is "brought" or filed in court, not when the alleged incident(s) occurred. *See* George v. Chronister, 319 F. App'x 134, 137 (3d Cir. 2009) (citing Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002)). Conversely, litigants who file lawsuits after their release from incarceration are not subject to the PLRA's exhaustion requirement for incidents concerning prison conditions which occurred prior to their release. Ahmed, 297 F.3d at 210. *See also* Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998); Janes v. Hernandez, 215 F.3d 541, 543 (5th Cir. 2000); Doe v. Washington Cty., 150 F.3d 920, 924 (8th Cir. 1998). This case, however, is complicated by the fact that

although Plaintiff was not a prisoner at the time he discovered he had cancer on October 27, 2010, he was a prisoner at the time he filed this lawsuit on October 18, 2012.[2] Thus, the question before the Court is whether the PLRA's exhaustion requirement applies to an individual like Plaintiff (1) whose claim(s) accrued while imprisoned (2) but does not discover his injury until after having been released (3) then files suit when he is reincarcerated and (4) at which point it is too late to file a grievance regarding his injury. Other courts have found that the PLRA's exhaustion requirement applies in similar situations.

In Gibson v. Brooks, 335 F.Supp.2d 325 (D. Conn. 2004), plaintiff Joseph Gibson filed a Section 1983 civil rights suit against prison officials arising out of an alleged assault that occurred at a correctional facility on September 16, 1999. Id. at 326-27. Gibson was released from prison on December 15, 1999. Id. at 327. On October 3, 2001, he was reincarcerated and, during his confinement, filed his Section 1983 action based on the earlier assault. Id. The district court held that both the literal language of § 1997e(a) of the PLRA and the statute's legislative's history supported the conclusion that Gibson was subject to the exhaustion requirement because he was a prisoner at the time he filed suit. Id. at 330. As the Gibson court stated:

> Admittedly, section 1997e(a) creates a rather odd situation in which a person's ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction. Gibson could have filed suit with respect to the September 6, 1999 incident in the 18-month period during which he was first on parole and later released. Had he filed within that time period, Gibson would not have been subject to the requirements of section 1997e(a). Upon his incarceration on October 3, 2001, however, Gibson became, once again, a "prisoner," subject to the PLRA's [sic] requirement that he exhaust any available administrative remedies prior to filing a lawsuit with respect to prison conditions. Gibson is a prisoner and was a prisoner on the date that he

---

[2] Plaintiff allegedly discovered that he had cancer after he had been released from prison. He was later reincarcerated on what appears to be a parole violation but it is unclear just how long after the cancer was discovered that he was reincarcerated.

> filed this suit, September 9, 2002. That his status as a prisoner bears directly on
> his ability to bring a lawsuit alleging a violation of constitutional rights is a result
> of congressional intention expressed in clear statutory language.

Id. *See also* Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004) (holding that a plaintiff who was incarcerated at one facility when actionable mistreatment occurred and brought suit while in custody at another facility after being released and arrested was subject to the PLRA's exhaustion requirement).

District courts in other jurisdictions have similarly held that an intervening release from custody does not excuse a failure to exhaust when the plaintiff is imprisoned at the commencement of a lawsuit. *See* McCollough v. Yates, No. 1:10-cv-01465, 2011 U.S. Dist. LEXIS 19244, 2011 WL 773233, at *2 (E.D. Cal. Feb. 28, 2011); Smedley v. Reid, No. 08cv1602, 2010 U.S. Dist. LEXIS 7526, 2010 WL 391831, at *3-4 (S.D. Cal. Jan. 27, 2010). Additionally, our sister court cited the aforementioned cases with approval when it found that a plaintiff was subject to the PLRA's exhaustion requirement when he was imprisoned at one facility when his claim accrued, was released, and brought the claim while imprisoned at another facility, and this holding was affirmed by the Third Circuit Court of Appeals in a nonprecedential opinion. *See* George v. Hogan, No. 1:06-cv-01554, 2008 U.S. Dist. LEXIS 25710 (M.D. Pa. Mar. 31, 2008), *aff'd* George v. Chronister, 219 F. App'x 134 (3d Cir. 2009).

In light of the foregoing decisions, the Court finds that Plaintiff is subject to the PLRA's exhaustion requirement because he was a "prisoner" at the time he filed the instant lawsuit. Despite the lack of administrative remedies that were available to him when he was later reincarcerated, presumably because any such grievance filed regarding his cancer would have been untimely, a strict literal interpretation of § 1997e(a) puts the operative question on the status

of the plaintiff when the instant action was *brought*, not when the alleged violations *occurred*. There is no question that Plaintiff was a prisoner when this action was *brought*.[3]

Nevertheless, it is not clear from the face of Plaintiff's Complaint whether Plaintiff grieved *any* fact relating to his breathing/lung problems while he was imprisoned at SCI-Fayette. While easily subject to misinterpretation given his *pro se* status at the time of filing, Plaintiff's Complaint raises claims relating to the lack of medical treatment he received *while he was incarcerated* and at which point he was unaware that he had cancer. As previously stated, all that is clear on this record is that Plaintiff did not file a grievance concerning his cancer diagnosis because he did not know of it before he was released. It is unknown whether Plaintiff filed any grievance regarding his medical treatment prior to his release. This fact is not made clear from his Complaint.

Furthermore, any argument made by Defendants on summary judgment that Plaintiff failed to specifically grieve the fact that he was not receiving treatment *for his cancer* will likely not be considered. As alleged, Plaintiff was unaware that he had cancer until after he was released; therefore, while he was incarcerated, he was only required to exhaust those facts relating to Defendants' misconduct in connection with his medical care, or lack thereof. Assuming Plaintiff is able to prove compliance with the PLRA's exhaustion requirement on summary judgment, his actual cancer diagnosis will only be relevant when considering factors such as the severity of his medical needs while he was incarcerated and Defendants' conduct in addressing those needs, whether they knew he had cancer or not. Therefore, Defendants' Motions will be denied on this ground but without prejudice to raising the exhaustion defense again on summary judgment.

---

[3] While the Court is sympathetic to Plaintiff's situation, it is constrained by the language of § 1997e(a) and the applicable case law.

**C. Deliberate Indifference to Medical Needs**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), the Medical Defendants move to dismiss Plaintiff's Complaint for failure to state a claim of deliberate indifference. In order to state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must allege two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

In this case, the allegations, when taken as true, allow the Court to draw a reasonable inference that the Medical Defendants were deliberately indifferent to Plaintiff's medical needs and that the Complaint meets the standards as enunciated in Twombly and Iqbal. *See* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947-50 (2009) (consideration of the legal sufficiency of a complaint entails a three-step analysis: 1) identify the elements needed to state a claim, 2) identify allegations that "are not entitled to the assumption of truth", and 3) assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an

entitlement to relief."); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."). The Medical Defendants claim that Plaintiff fails to allege the requisite culpable state of mind necessary or specify what care they failed to provide but the Court finds that Plaintiff has set out sufficient factual matter to show that his claim is facially plausible. *See* ECF No. 4 (Plaintiff alleging that his requests to be seen at an outside facility were denied and that Defendants falsified his medical records so that he could be cleared for release). The Medical Defendants may address this issue in summary judgment but their Motion to Dismiss for failure to state a claim will be denied.

### D. Personal Involvement

The Medical Defendants also move to dismiss Plaintiff's Complaint for lack of personal involvement as to each of the named Defendants. As explained in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988):

> [A] defendant in a civil rights action must have personal involvement in alleged wrongs . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

While Plaintiff's Complaint is definitely lacking in specificity as to each Defendants' actions and/or inactions, and normally the Court would dismiss a complaint for such reason while granting leave to amend, in this case the Court finds that it is in the best interest of judicial economy to deny the Medical Defendants' Motion to Dismiss on this ground but without prejudice to raising it again on summary judgment. An appropriate Order now follows.

**AND NOW** this 29th day of May, 2014,

**IT IS HEREBY ORDERED** that Defendant R.N. Bilohlavek's Motion for Judgment on the Pleadings is **DENIED** without prejudice for summary judgment purposes as to Plaintiff's alleged failure to exhaust his administrative remedies pursuant to the PLRA.

**AND IT IS FURTHER ORDERED** that the Medical Defendants' Motion to Dismiss is **DENIED** as to Plaintiff's failure to state a claim and **DENIED** without prejudice for summary judgment purposes as to Plaintiff's alleged failure to exhaust his administrative remedies pursuant to the PLRA and to demonstrate the requisite personal involvement of each Defendant.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Counsel of Record
   *Via ECF Electronic Mail*