IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GARY HAKALA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-1506 |
| v. | ) | |
| | ) | |
| DR. MIN PARK, M.D., | ) | |
| DR. PHILLIP BALK, M.D., | ) | Magistrate Judge Lenihan |
| B. BILOHLAVEK, R.N., and | ) | |
| DARLA COWDEN, M.P.A. | ) | |
| | ) | ECF No. 61 |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Lenihan, Magistrate Judge**

Presently before the Court is the Motion for Summary Judgment filed by Defendant B. Bilohlavek, R.N. (ECF No. 61.) For the reasons discussed below, the Court will deny the Motion.

FACTS

The following facts are undisputed unless otherwise indicated and are taken from the parties' Statement of Material Facts and Response thereto at ECF Nos. 63 & 67.[1] Plaintiff Gary Hakala ("Plaintiff") is an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Albion. (ECF Nos. 63 & 67 at ¶ 1.) The moving Defendant is Byron Bilohlavek ("Defendant" or "Bilohlavek"), a registered nurse at SCI-Fayette. (ECF Nos. 63 & 67 at ¶ 2.) The above captioned case arises from Plaintiff's incarceration at SCI-Fayette in 2009 and 2010. (ECF Nos. 63 & 67 at ¶ 3.)

---

[1] Where appropriate, the Court also relies on underlying documentation and the Plaintiff's Complaint at ECF No.4.

Plaintiff claims that Bilohlavek and the three (3) other named Defendants refused to treat Plaintiff for lung cancer in 2009 and 2010 while incarcerated at SCI-Fayette. (ECF Nos. 63 & 67 at ¶ 4.) Plaintiff alleges that he complained about breathing problems, and sought, but was denied, medical treatment at an outside hospital. (ECF Nos. 63 & 67 at ¶ 5.) Plaintiff further alleges that in September 2010, Defendants falsified his medical records indicating that he had no issues concerning his lungs and cleared him for release. (ECF Nos. 63 & 67 at ¶ 6; ECF No. 4 at 2, ¶ IV.C.) Plaintiff claims that just after his release, he was examined by an outside physician and told there was a mass on his lung. (ECF Nos. 63 & 67 at ¶ 7.) In October 2010, a CT scan and biopsy confirmed he had lung cancer. (ECF Nos. 63 & 67 at ¶ 8.) Plaintiff claims that an outside physician opined that the mass had to have been known by SCI-Fayette medical staff upon review of xrays. (ECF Nos. 63 & 67 at ¶ 9.) Plaintiff had a portion of his lung surgically removed. (ECF Nos. 63 & 67 at ¶ 10.)

It is undisputed that Plaintiff failed to utilize the grievance procedure at SCI-Fayette. (ECF Nos. 63 & 67 at ¶¶ 13-14.) Plaintiff explained that he failed to use the grievance procedure because he was not aware that he had lung cancer until after he was paroled from SCI-Fayette. (ECF Nos. 63 & 67 at ¶ 15.)

On July 7, 2011, Plaintiff was incarcerated at SCI-Albion due to a parole violation. (ECF Nos. 63 & 67 at ¶ 11.) On October 18, 2012, Plaintiff filed the above-captioned case, pro se, while an inmate at SCI-Albion. (ECF Nos. 63 & 67 at ¶ 12.) On November 30, 2012, this Court entered an Order granting Plaintiff's Motion for Appointment of Counsel. On February 27, 2013, Attorney Brian C. Bevan ("Bevan") accepted the request to represent Plaintiff. (ECF No. 12.) On August 5, 2014, Attorney Bevan filed a Motion to Withdraw as Attorney (ECF No. 71), which was granted by this Court on August 7, 2014 (ECF No. 75).

## LEGAL STANDARD

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence, or the lack thereof, which demonstrates the absence of a genuine issue of material fact. *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581-82 (3d Cir. 1992) (citing *Celotex*, 477 U.S. at 323-25). Once that burden has been met, the nonmoving party may not rest on the allegations in the complaint, but must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e) (1963)). *See also Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) ("plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.") (citing *Celotex*, 477 U.S. at 322).

An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. *See* Fed. R. Civ. P. 56(c)(2); *Celotex*, 477 U.S. at 324; *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990).

ANALYSIS

Defendant Bilohlavek's only argument in support of his Motion for Summary Judgment is that Plaintiff failed to exhaust his administrative remedies while at SCI-Fayette. It is undisputed that Plaintiff did not avail himself of the Inmate Grievance System.

Through the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies **as are available** are exhausted.

42 U.S.C. § 1997e(a) (emphasis added by Court). Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). In addition, the exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See Porter v. Nussle*, 524 U.S. 516, 532 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id*. at 93 (quoting *Porter*, 534 U.S. at 525). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Id*. at 83; *see also Spruill v. Gillis*, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal courts. *See*, *e.g.*, *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008); *Jetter v. Beard*, 183 F. App'x 178 (3d Cir. 2006).

This broad rule favoring full exhaustion admits of one, narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000) (Section 1997e (a) only requires that prisoners exhaust such administrative remedies "as are available"). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from

complying with the statutory mandate." *Davis*, 49 F. App'x at 368; *see also Brown v. Croak*, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with failure to protect claim is entitled to rely on instruction by prison officials to wait for outcome of internal security investigation before filing grievance); *Camp*, 219 F.3d at 281 (exhaustion requirement met where Office of Professional Responsibility fully examined merits of excessive force claim and correctional officers impeded filing of grievance), *cited in, Williams v. Gavins*, No. 1:13-CV-0387, 2013 WL 5408638, *5 & *6 (M.D. Pa. Sept. 25, 2013).

Here, Plaintiff has come forward with evidence from which a reasonable finder of fact could conclude that the administrative remedies at SCI-Fayette were unavailable to him. For purposes of resolving factual disputes relevant to the exhaustion issue, this Court may act "as the fact finder because exhaustion constitutes a preliminary issue for which no right to a jury trial exists." *See Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013); *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010).

While it would have been far more effective if appointed pro bono counsel had filed, at minimum, an affidavit from Plaintiff setting forth the material and relevant facts in his favor, Plaintiff's Complaint at ECF No. 4 may be considered by this Court as an affidavit for purposes of Federal Rule of Civil Procedure 56.[2] That is, Plaintiff's Complaint concludes as follows: "I declare under penalty of perjury that the foregoing is true and correct. October 14, 2012. [signed] Gary Hakala." (ECF No. 4 at 3-4.) Therein, Plaintiff states that he "complained several

---

[2] Effective December 2010, Federal Rule of Civil Procedure 56 was amended to provide that a declaration, an unsworn statement subscribed to under penalty of perjury, can substitute for an affidavit. *See* Fed. R. Civ. P. 56 Advisory Committee Note to 2010 Amendments ("Subdivision (c)(4) carries forward some of the provisions of former subdivision (e)(1) . . . . A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."). *See also Ray v. Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 164 n.8 (3d Cir. 2010) ("Unsworn declarations may substitute for sworn affidavits where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C. § 1746."). If executed within the United States, 28 U.S.C. § 1746 provides that the unsworn declarations must be in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

times about breathing problems and pain." (ECF No. 4 at 2.) He continues that he "asked to be seen at an outside hospital, but, [sic] was denied." (ECF No. 4 at 2.) Plaintiff further states that Defendants told him in September 2010, that he "had no medical issues concerning his lungs and cleared Plaintiff for release." (ECF No. 4 at 2.) Plaintiff then states that "[j]ust after being released, Plaintiff was examined by a doctor who told Plaintiff that there was a mass on his lung which needed to be diagnosed ASAP. On October 27, 2010, after a 'CT' scan and a biopsy, Plaintiff was told that he had cancer." (ECF No. 4 at 2.) The parties do not dispute that thereafter, Plaintiff had a portion of his lung surgically removed. (ECF Nos. 63 & 67 at ¶ 10.) Clearly, when Plaintiff was told by prison medical officials that he had no medical issues concerning his lungs, Plaintiff would have had no reason to file a grievance. Moreover, when Plaintiff did discover that he had lung cancer in October 2010, he was no longer incarcerated, and therefore, was unable to file a grievance. Although Plaintiff was again incarcerated in July 2011 for a parole violation, the time had long since passed for the timely filing of a grievance. (ECF Nos. 63 & 67 at ¶ 11.) Consequently, one of the main purposes of the requirement, to "affor[d] corrections officials time and opportunity to address complaints internally" would by that time have become futile. *See Woodford*, 548 U.S. at 93. Hence, Plaintiff found himself in a "Catch 22" that was not of his making.[3]

Therefore, this Court finds that Plaintiff was unable to exhaust his administrative remedies through no fault of his own, and therefore, he may proceed with his Eighth Amendment claim. Hence, Defendant Bilohlavek's Motion for Summary Judgment on the issue of exhaustion will be denied.

---

[3] Because the moving Defendant's Motion for Summary Judgment is premised upon the issue of exhaustion only, Plaintiff need not come forward at this time with his evidence as to whether Defendant Bilohlavek violated his Eighth Amendment right to medical care for serious medical needs by deliberately falsifying his prison medical records in September 2010.

An appropriate Order will follow.

BY THE COURT

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: March 6, 2015

cc: GARY HAKALA
HC-6218
727 Mercer Road
Beaver Falls, PA 15010

All counsel of record
Via electronic filing